Filed 11/26/25  P. v. Henson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C101483 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. Nos. CRF-20-01212-01, CRF-19-01962, CRF-19-01963) |
| WILLIAM JOSEPH HENSON, | |
| Defendant and Appellant. | |

In 2017, a jury convicted defendant William Joseph Henson of attempted vehicle theft.  The trial court placed him on probation for five years.  In 2018, defendant pleaded no contest to child endangerment, and the trial court again placed defendant on probation for five years.  Defendant subsequently pleaded no contest to second degree murder and assault with a firearm, and admitted that the murder violated the terms of his probation.

1

Under the plea agreement, sentences in the attempted vehicle theft case and child endangerment case would run concurrent to the murder case.

Consistent with the plea agreement, in 2021 the trial court terminated probation and sentenced defendant in the various cases to an aggregate 15 years to life in prison, including concurrent upper term sentences for assault with a firearm and attempted vehicle theft. This court remanded for resentencing in light of changes in the law (*People v. Henson* (Dec. 15, 2022, C093776) [nonpub. opn.] (*Henson*)), and on remand the trial court reimposed the same sentence.

Defendant now contends (1) that based on a change in the law, his probation in the attempted vehicle theft case terminated by operation of law after two years, and the trial court did not have jurisdiction to subsequently terminate probation and impose a prison sentence; (2) the trial court failed to comply with the constitutional and statutory limitations applicable to the imposition of upper term sentences; and (3) the abstract of judgment must be updated to reflect resentencing.

Finding merit in defendant's contentions, we will reverse the trial court's order terminating defendant's probation in the attempted vehicle theft case and direct the trial court to enter an order terminating that probation nunc pro tunc as of December 15, 2019. We will also vacate the sentence imposed by the trial court on June 10, 2024, and remand the matter for a resentencing hearing. Amendment and/or correction of the abstract of judgment can be addressed by the trial court on remand.

BACKGROUND

In 2017, a jury convicted defendant of attempted theft of a Jeep Cherokee (Pen. Code,[1] § 664, Veh. Code, § 10851) in Sacramento County case No. 16FE010015. The trial court suspended defendant's sentence and placed him on probation for five years

---

[1] Undesignated statutory references are to the Penal Code.

with various terms and conditions. Also in 2017, a Sacramento County complaint charged defendant with two counts of felony child endangerment (§ 273a, subd. (a)) in case No. 17FE013490. On February 14, 2018, defendant pleaded no contest to one count of child endangerment. The trial court dismissed the remaining count and placed defendant on probation for five years. The attempted vehicle theft case and child endangerment case were subsequently transferred to Yuba County for probation supervision, and the cases were assigned new case numbers.[2]

On July 16, 2020, a Yuba County complaint charged defendant with murder (§ 187, subd. (a) -- count I), attempted murder (§§ 664, 187, subd. (a) -- count II), and hit and run resulting in death or serious injury (Veh. Code, § 20001, subd. (b)(2) -- count III) in case No. CRF20-01212-01. The complaint further alleged that defendant personally and intentionally discharged a firearm in the commission of the attempted murder. The probation department filed petitions to revoke defendant's probation in the attempted vehicle theft case and child endangerment case.

The People amended the complaint in the murder case to add a count for assault with a firearm (§ 245, subd. (a)(2) -- count V), and defendant resolved the matter by pleading no contest to second degree murder and assault with a firearm. In exchange, defendant would receive a sentence of 15 years to life for the murder and an undetermined concurrent sentence for the assault. Defendant admitted that the murder violated the terms of his probation. Under the plea agreement, the sentences to be imposed for the attempted vehicle theft case and the child endangerment case would run concurrent to the murder case. The factual basis for the plea was that in June 2020, defendant was involved in a dispute at a motel, retrieved an AR-style rifle, and fired a shot from his vehicle at or toward L.R., who received shrapnel wounds. Defendant then

---

[2]  Case No. CRF-19-01962 was assigned to the attempted vehicle theft case, and case No. CRF-19-01963 was assigned to the child endangerment case.

drove from the scene at high speeds and struck and killed Michael Sanchez, who was on a motorcycle stopped at a red light.

On February 19, 2021, the trial court sentenced defendant to 15 years to life for the murder and a concurrent upper term of 4 years for the assault with a firearm. In the attempted vehicle theft case, the trial court terminated probation and sentenced defendant to the upper term of 18 months, concurrent to the murder case. And in the child endangerment case, the trial court sentenced defendant to the lower term of two years, concurrent to the murder case. Defendant appealed, and this court vacated defendant's sentence and remanded the matter for resentencing in light of changes brought about by Senate Bill No. 567 (2021-2022 Reg. Sess.). (*Henson, supra*, C093776.)

On remand, the People urged the trial court to resentence defendant to the same terms previously imposed, arguing, among other things, that the upper terms were appropriate based on factors the trial court could determine from defendant's record of conviction as recognized in *People v. Towne* (2008) 44 Cal.4th 63. Defendant focused on the murder conviction and sentence, arguing the trial court should exercise its discretion under section 1385, subdivision (a) to either dismiss the 15-year-to-life sentence or impose a lesser-included offense of voluntary or gross vehicular manslaughter based on defendant's childhood trauma, history of mental illness, and post-incarceration conduct. Defendant stated that although he was eligible for low term determinate sentences, a low term concurrent sentence would not impact his release date and he was requesting modification of the indeterminate term.

The trial court declined to modify the murder conviction and sentence, noting that while defendant was on probation, he shot at someone, ran away, and killed someone. Addressing the concurrent term for assault with a firearm, the trial court stated the upper term of four years was appropriate because the factors in aggravation exceeded those in mitigation. There was a discussion about whether defendant had stipulated to the upper terms, after which the trial court said that in any event it was considering all of the

4

factors, whether or not defendant had stipulated to them, and in resentencing defendant the trial court was not modifying the sentence. The trial court resentenced defendant as follows: 15 years to life for murder; a concurrent upper term of four years for assault with a firearm; a concurrent upper term of 18 months for attempted vehicle theft; and a concurrent lower term of two years for child endangerment. The trial court awarded updated custody credit.

DISCUSSION

I

Defendant contends that under Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (Assembly Bill 1950), his probation in the attempted vehicle theft case ended by operation of law after two years, and the trial court did not have jurisdiction to subsequently terminate probation and impose sentence.

In *People v. Faial* (2025) 18 Cal.5th 199 (*Faial*), the Supreme Court held that Assembly Bill 1950 can be applied retroactively to shorten a defendant's period of probation. (*Id*. at p. 205.) In that case the defendant had been placed on four years' probation on May 4, 2017. (*Ibid.*) Approximately two years later the trial court summarily revoked the probation and imposed a 12-year prison sentence. (*Id*. at p. 206.) The Supreme Court explained that Assembly Bill 1950 shortened the length of time most individuals could be supervised on probation. (*Faial,* at p 207.) "[S]ince January 1, 2021, section 1203.1 has prohibited courts from imposing a probation term exceeding two years unless the underlying offense is a violent felony listed in section 667.5, subdivision (c); is subject to a specified probation length; or is specifically excluded from the statute's two-year limit." (*Ibid.*) According to the Supreme Court, Assembly Bill 1950 applied retroactively under *In re Estrada* (1965) 63 Cal.2d 740 and *People v. Esquivel* (2021) 11 Cal.5th 671 because the defendant had appealed from the revocation of probation and the imposition of the suspended sentence. (*Faial,* at pp. 210-211.) The Supreme Court determined that in amending section 1203.1, the Legislature authorized a

5

court to retroactively shorten a probation term exceeding two years when an order terminating probation and executing a prison sentence is not yet final. (*Faial,* at p. 220.) According to the Supreme Court, when a probation term is shortened to two years under amended section 1203.1, conduct that would have constituted a probation violation but now falls outside the probation term may not be the basis for terminating probation. (*Faial,* at p. 220.)

Applying *Faial* to the attempted vehicle theft case, we conclude defendant is entitled to relief. The People agree. Because of his appeals, defendant's judgment is not yet final, allowing for the retroactive application of Assembly Bill 1950 to his case. (*Faial, supra*, 18 Cal.5th at pp. 210-211.) Defendant's probation in the attempted vehicle theft case began on December 15, 2017 and terminated by operation of law two years later on December 15, 2019. (*Faial*, at pp. 213, 218.) The trial court could not use defendant's 2020 conduct to revoke that probation or impose a prison sentence in the attempted vehicle theft case. (*Id.* at p. 220.) We will reverse the trial court's order revoking and terminating defendant's probation in the attempted vehicle theft case and direct the trial court to enter an order terminating that probation nunc pro tunc as of December 15, 2019. (See *People v. Jackson* (2023) 93 Cal.App.5th 207, 218.)

## II

Defendant next argues the trial court failed to comply with the constitutional and statutory limitations applicable to the imposition of upper term sentences.

Section 1170, subdivision (b)(2) provides that, in selecting a term of imprisonment, a trial court "may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." Notwithstanding this rule, a "court may consider the defendant's prior convictions in determining sentencing based

6

on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

"[W]ith the exception of prior conviction allegations, 'under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury' and 'established beyond a reasonable doubt.' " (*People v. Lynch* (2024) 16 Cal.5th 730, 747 (*Lynch*), citing *Cunningham v. California* (2007) 549 U.S. 270, 281.) In *Lynch*, the California Supreme Court explained that, under section 1170, subdivision (b), "a Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence, even if some other aggravating facts relied on have been properly established." (*Lynch*, at p. 768.)

In *Erlinger v. United States* (2024) 602 U.S. 821 (*Erlinger*), the Supreme Court of the United States rejected the argument that the prior conviction exception to the Sixth Amendment "permits a judge to find perhaps any fact related to a defendant's past offenses." (*Id*. at p. 837.) Rather, "a judge may 'do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of.' " (*Id.* at p. 838.)

The California Supreme Court applied *Erlinger* to California's determinate sentencing scheme in *People v. Wiley* (2025) 17 Cal.5th 1069 (*Wiley*). In *Wiley*, the California Supreme Court overruled previous decisions finding it constitutionally permissible for a trial court to determine whether a defendant's crimes were of increasing seriousness or whether the defendant's performance on probation was unsatisfactory. (*Id*. at pp. 1076, 1084-1085 [expressly overruling *People v. Towne, supra*, 44 Cal.4th 63 & *People v. Black* (2007) 41 Cal.4th 799].) A trial court's determination of those aggravating factors without defendant's consent violated section 1170, subdivision (b)(2). (*Wiley*, at pp. 1085-1086.)

A trial court's reliance on aggravating circumstances not found in accordance with the jury trial requirement is "prejudicial unless an appellate court can conclude beyond a

7

reasonable doubt that a jury would have found true all of the aggravating facts relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with the current statutory requirements. If the reviewing court cannot so determine, applying the *Chapman* [*v. California* (1967) 386 U.S. 18] standard of review, the defendant is entitled to a remand for resentencing." (*Lynch, supra*, 16 Cal.5th at p. 768.) When assessing prejudice under *Chapman*, the proper inquiry is " 'whether any rational fact finder could have come to the *opposite* conclusion.' " (*Wiley, supra*, 17 Cal.5th at p. 1090.)

Here, the appellate record is not clear as to the specific factors relied upon by the trial court to reimpose the upper term sentences on the assault with a firearm and attempted vehicle theft convictions. It does appear, however, that aggravating factors were not established as required by current law, and the error was not harmless under the *Chapman* standard. We decline to find that no rational fact finder could have concluded otherwise. (*Wiley, supra*, 17 Cal.5th at p. 1091.)

Accordingly, we will vacate defendant's sentence and remand the matter for a resentencing hearing.

## III

In addition, defendant contends the abstract of judgment must be updated to reflect resentencing. The People agree. But because we will vacate defendant's sentence and remand for a resentencing hearing, we need not address this issue. Amendment and/or correction of the abstract of judgment can be addressed by the trial court on remand.

## DISPOSITION

The trial court's order revoking and terminating defendant's probation in case No. CRF-19-01962 (the attempted vehicle theft case) is reversed, and the trial court is directed to enter an order terminating that probation nunc pro tunc as of December 15, 2019. The sentence imposed on June 10, 2024, is vacated, and the matter is remanded for a resentencing hearing. Following the resentencing hearing, the trial

8

court shall prepare an amended and/or corrected abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

                                                       /S/
                                           MAURO, Acting P. J.

We concur:

  /S/
BOULWARE EURIE, J.

  /S/
MESIWALA, J.

9